UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

In re                                      Chapter 11

BEARINGPOINT, INC. Et al.,                 Bankruptcy Case
                                           No. 09-10691 (REG)
                                           (Jointly Administered)

                  Debtors.

------------------------------------X


JOHN DeGROOTE SERVICES, LLC.,


                  Plaintiff,

                                           Adversary Proceeding No.
-v.-                                       10/02874 (REG)

ALLIED NETWORK SOLUTIONS, INC.

                  Defendant.

------------------------------------X


**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS,
AND RESERVED THIRD-PARTY CLAIMS**

      Defendant, ALLIED NETWORK SOLUTIONS, INC. ("Allied" or "Defendant"), by its attorney, Paul D. Feinstein, Esq. of Paul D. Feinstein, P.C., as and for its Answer to the Complaint herein, respectfully alleges the following:

    1.    Defendant neither admits nor denies the legal conclusions set forth in paragraph "1" of the Complaint.

2. Defendant neither admits nor denies the legal conclusions set forth in paragraph "2" of the Complaint, except consents to this Court's jurisdiction.

3. Defendant neither admits nor denies the legal conclusions set forth in paragraph "3" of the Complaint.

4. Defendant neither admits nor denies the legal conclusions set forth in paragraph "4" of the Complaint, except admits that this is a Core Proceeding.

5. Defendant neither admits nor denies the allegations set forth in paragraph "5" of the Complaint, except admits that the subject Chapter 11 bankruptcy proceeding is pending before this Court (the "Chapter 11").

6. Defendant neither admits nor denies the allegations set forth in paragraph "6" of the Complaint, except admits that a Chapter 11 Plan was confirmed in the subject Chapter 11 bankruptcy proceeding is pending before this Court.

7. Defendant neither admits nor denies the legal conclusions set forth in paragraph "7" of the Complaint, and respectfully refers this Court to the alleged Plan for the exact terms and legal significance thereof.

8. Defendant neither admits nor denies the legal conclusions set forth in paragraph "8" of the Complaint, and respectfully refers this Court to the alleged Plan for the exact terms and legal significance thereof. Defendant neither admits nor denies the legal

conclusions set forth in paragraph "8" of the Complaint insofar as they relate to the Bankruptcy Code.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in paragraph "11" of the Complaint, except admits that it is a California Corporation with an address as stated.

12. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat. Defendant denies the allegations set forth in the second paragraph "11" of the Complaint, except admits receiving certain payments within ninety (90) days prior to the filing of the petition.

13. Defendant neither admits nor denies the legal conclusions set forth in paragraph "12" of the Complaint, except that to the extent pursuant to California law said property was subject to a statutory trust, BearingPoint did not have an interest in property allegedly transferred.

14. Defendant neither admits nor denies the legal conclusions set forth in paragraph "13" of the Complaint, except admits it rendered services to BearingPoint, Inc.

15. Defendant neither admits nor denies the legal conclusions set forth in paragraph "14" of the Complaint, except admits it received certain payments for services rendered.

16. Defendant neither admits nor denies the legal conclusions set forth in paragraph "15" of the Complaint, except admits it was entitled to the payments it received.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the Complaint, nor the legal conclusions contained therein.

19. Defendant denies the allegations set forth in paragraph "18" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "19" of the Complaint, except admits receipt of a letter, and respectfully refers this Court to the alleged Plan for the exact terms and legal significance thereof.

21. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

22. Defendant denies the allegations set forth in paragraph "21" of the Complaint, except admits filing of a Proof of Claim in connection with BearingPoint's Bankruptcy Case.

**FACTS COMMON TO DEFENDANT'S AFFIRMATIVE
DEFENSES, COUNTERCLAIMS AND CLAIMS**

23. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

24. On or about August 13, 2007 BearingPoint, Inc. ("BPI" or the "Debtor") entered into a written agreement with the California Department of Motor Vehicles ("DMV") (the "Prime Contract") pursuant to which BPI agreed to provide certain work, labor and services for the DMV, as more fully set forth in the Prime Contract (the "Services").

25. On or about December 27, 2007 BPI entered into a written Subcontractor Agreement with Allied ("the Subcontractor Agreement") pursuant to which Allied agreed to provide certain of the services required of BPI for the DMV pursuant to the Prime Contract, as more fully set forth in the Subcontractor Agreement (the "Allied Services").

26. Commencing on or about January 2008, Allied began performing the Allied Services pursuant to the Subcontractor Agreement.

27. Allied continued performing the Allied Services pursuant to the Subcontractor Agreement up to and including the filing of the Petition herein, and thereafter.

28. During Allied's performance under the Subcontractor Agreement it periodically rendered invoices to BPI for the Allied Services ("the Allied Invoices").

29. The alleged transfers set forth in the Complaint ("Payments or transfers") were in payment of debts incurred by BPI in the ordinary course of business or financial affairs of BPI and Allied.

30. The alleged transfers were made in the ordinary course of business or financial affairs of BPI and Allied.

31. The alleged transfers were made according to ordinary business terms.

32. All of the Payments were for Allied Services actually performed by Allied and accepted by BPI.

33. Allied gave new value for the alleged transfers, as that term is defined in 11 U.S.C. §547(a)(2), to or for the benefit of BPI not secured by an otherwise unavoidable security interest, and on account of which new value BPI did not make an otherwise unavoidable transfer to or for the benefit of Allied.

34. The new value provided by Allied to BPI, which must be off-set against any claim of the Plaintiff for avoidance of alleged

preferential transfers, upon information and belief, equals or exceeds the amount of the claim herein.

35. Pursuant to the laws of the State of California, all monies paid by the DMV to BPI (the "DMV Payments") on account of services performed by Allied constituted trust funds for the benefit of BPI's subcontractors, and therefore were not property of BPI's estate.

36. On information and belief, BPI was paid by the DMV for the Allied Services.

37. On information and belief, BPI received DMV Payments for the Allied Services.

38. On information and belief, the aforesaid DMV Payments were not entirely used to pay the unpaid Allied Invoices but some trust funds were diverted to other, improper uses or retained by BPI.

39. As a result of BPI's failure to use the DMV Payments to satisfy the unpaid Allied Invoices BPI violated California's trust fund laws, thereby causing damages to Allied in the amount of all unpaid Allied Invoices, in an amount to be determined by this Court plus interest thereon through the date said Allied Invoices are paid in full.

40. On information and belief, BPI assigned the Prime Contract and the Subcontract to IBM Systems, Inc. ("IBM"). Upon information and belief, IBM assumed the obligations of BPI under

the Prime Contract and to Allied under the Subcontractor Agreement to, among other things, pay Allied for the Allied Services that remained due and those that were ongoing. IBM is named herein as a nominal non-party defendant; and Allied retains all rights against IBM.

41. Based on the foregoing, IBM became liable to Allied for the unpaid trust funds necessary to satisfy the unpaid Allied Invoices.

**FIRST AFFIRMATIVE DEFENSE**

42. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

43. As a result of the new value provided by Allied for the benefit of BPI, Plaintiff's claim for preferences is, upon information and belief, off-set in its entirety.

**SECOND AFFIRMATIVE DEFENSE**

44. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

45. The alleged transfers complained of in the Complaint were made in payment of debts incurred by BPI in the ordinary course of business or financial affairs of BPI and Allied, and the transfers were made in the ordinary course of business of BPI and of Allied.

Pursuant to 11 U.S.C. §547(c)(2)(A), the transfers in question are not avoidable by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

46. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

47. The alleged transfers complained of in the Complaint were made in payment of debts incurred by BPI in the ordinary course of business or financial affairs of BPI and Allied, and the transfers were made in accordance with ordinary business terms. Pursuant to 11 U.S.C. §547(c)(2)(B), the transfers in question are not avoidable by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

48. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

49. The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

50. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

51. Upon information and belief, the Plaintiff lacks standing to bring this proceeding

## SIXTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM AGAINST PLAINTIFF

52. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

53. The funds received by BPI from DMV in payment of the services rendered on behalf of the DMV by Allied were trust funds and were received and held by BPI in trust for the benefit of Allied.

54. BPI held and retains no property interest in the said trust funds and said trust funds were and are not property of the BPI bankruptcy estate.

55. Payments made by BPI to Allied out of the said trust funds were not transfers of property of the estate.

56. By reason of the foregoing, the transfers are not avoidable by the Plaintiff.

## SECOND COUNTERCLAIM AGAINST PLAINTIFF

57. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

58. As a result of BPI's breach of its trust fund duties to Allied, BPI received monies from the DMV which it had a duty to pay over to Allied and which it failed and refused to pay over. By reason thereof, Allied has suffered damages in the sum of $234,263.80, plus interest.

## THIRD COUNTERCLAIM AGAINST PLAINTIFF

59. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

60. As a result of BPI's breach of its trust fund duties to Allied, BPI seeks a turnover by Plaintiff of property held in trust for Allied in the sum of $234,263.80, plus interest.

## FIRST CLAIM AGAINST IBM

61. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

62. Defendant, ALLIED NETWORK SOLUTIONS, INC. ("Allied"), by its attorney, Paul D. Feinstein, Esq. of Paul D. Feinstein, P.C., complaining of non-party Defendant IBM Solutions, Inc. ("IBM"), respectfully shows:

## NATURE OF ACTION

63. This is an action brought and/or reserved by Allied, as a creditor/claimant of IBM, for the recovery of certain trust funds held by IBM for the benefit of Allied on account of the unpaid Allied Invoices, as more fully set forth in the prior paragraphs hereof. This action is associated with the within Chapter 11 and the within Adversary Proceeding.

## JURISDICTION AND VENUE

64. This Court has jurisdiction pursuant to 28 U.S.C. §1334(b). Venue is founded upon 28 U.S.C. § 1409.

65. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

66. As a result of its failure to turn over the trust funds to Allied, IBM is liable to Allied in an amount to be determined by this Court.

**SECOND CLAIM AGAINST IBM**

67. Defendant repeats and realleges the answers and allegations contained in the preceding paragraphs of this Answer as if the same were set forth at length hereat.

68. As a result of the foregoing, in the event this Court determines that Allied is liable to Plaintiff, then Allied is entitled to a claim against IBM in an amount equal to the transfer avoided by the Plaintiff and/or an offset against IBM in the amount thereof.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully requested that this Court enter a Judgment and Order:

(a) dismissing Plaintiff's Complaint;

(b) granting judgment to Defendant against Plaintiff in the amount demanded in the First Counterclaim in an amount to be determined by this Court;

(c) granting judgment to Defendant against Plaintiff for breach of trust in the amount of $234,263.80, as demanded in the Second Counterclaim;

(d) granting judgment to Defendant against Plaintiff for a turnover of property held in trust for Defendant in the amount of $234,263.80, as demanded in the Third Counterclaim;

(e) reserving the rights of Defendant, Allied, against IBM in the amount demanded in the First Claim as a result of IBM's failure to turn over the trust funds to Allied in an amount to be determined by this Court.

(f) reserving the rights of Defendant, Allied, against IBM as demanded in the Second Claim, as a result of IBM's failure to turn over the trust funds to Allied in an amount equal to any transfer avoided by the Plaintiff herein, and/or as an offset against IBM in the amount thereof.

(g) for legal fees, costs and disbursements against Plaintiff and IBM; and

(h) granting Allied such other and further relief which may seem just and equitable to this Court.

Dated: New York, New York
       April 1, 2010

PAUL D. FEINSTEIN, P.C.

_____
By: PAUL D. FEINSTEIN (PF 0434)
Attorneys for Defendant, Third-Party Claimant
102 Sunnyside Drive
Yonkers, New York 10705
914-375-3613x1

CERTIFICATE OF SERVICE


      PAUL D. FEINSTEIN, an attorney, hereby certifies under penalty of perjury that the within **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND RESERVED CLAIMS,** was duly served by postage pre-paid U.S. first class mail, upon those persons set forth below prior to 5:00 P.M. April 1, 2010.

                                     PAUL D. FEINSTEIN (PF 0434)


McKool Smith, P.C.
Attorneys for Plaintiff
One Bryant Park - 47th Floor
New York, N.Y. 10036


Assistant United States Trustee - sent to Clerk, U.S.B.C.
Office of the United States Trustee
33 Whitehall Street  -  21st Floor
New York, New York 10004

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re                                   Chapter 11

BEARINGPOINT, INC. Et al.,              Bankruptcy Case
                                        No. 09-10691 (REG)
                                        (Jointly Administered)
                Debtors.
------------------------------------X
JOHN DeGROOTE SERVICES, LLC.,

                Plaintiff,

                                        Adversary Proceeding No.
        -v.-                            10/02874 (REG)

ALLIED NETWORK SOLUTIONS, INC.

                Defendant.
------------------------------------X
```

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND RESERVED THIRD-PARTY CLAIMS**

```
              PAUL D. FEINSTEIN, P.C.
              By: PAUL D. FEINSTEIN (PF 0434)
              Attorneys for Defendant, Third-Party Claimant
              102 Sunnyside Drive
              Yonkers, New York 10705
              914-375-3613x1
```