UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
BEARINGPOINT, INC., et al., : 09 - 10691 (REG)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x
:
JOHN DeGROOTE SERVICES, LLC, :
:
    Plantiff :
:
Vs. : Adversary No. 10-02874
:
ALLIED NETWORK SOLUTIONS, INC. :
:
    Defendant. :
---------------------------------------------------------------x

**STIPULATION AND CONSENT ORDER BETWEEN ALLIED
NETWORK SOLUTIONS, INC. AND JOHN DEGROOTE SERVICES,
LLC DISMISSING ADVERSARY PROCEEDING PURSUANT
TO FED. R. BANKR. P. 7041(a)(1)**

This Stipulation and Consent Order (the "Stipulation and Consent Order") is entered into by Allied Network Solutions, Inc. ("Defendant") and John DeGroote Services, LLC as Liquidating Trustee for the BearingPoint, Inc. Liquidating Trust ("Plaintiff" and, together with Defendant, the "Parties").

**WHEREAS**, on February 23, 2010, Plaintiff filed a Complaint to Avoid and Recover Preferential Transfers pursuant to 11 U.S.C. §§ 547 and 550 in the above-captioned adversary proceeding (the "Adversary Proceeding") [docket #1] that seeks, among other things, to recover as preferential payments in the amount of $563,653.72, pre-judgment interest, costs of suit, and disallowance of Defendant's Claim #575;

**WHEREAS**, on April 1 2010, Defendant filed its Answer, Affirmative Defenses, Counterclaims, and Reserved Third Party Claims [docket #4] that seeks, among other things, turnover of property allegedly held in trust in the amount of $234,263.80;

**WHEREAS**, the Parties have reached a settlement resolving all matters involved in the Adversary Proceeding and have agreed that it should be dismissed with prejudice pursuant to rule 7041(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Rule 41(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by rule 7041 of the Bankruptcy Rules, provides in pertinent part that "an action may be dismissed by the plaintiff without order of court…(ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action[;]" and

**WHEREAS**, each Party will bear its own costs and expenses related to this Adversary Proceeding.

**NOW, THEREFORE**, the Adversary Proceeding is hereby dismissed with prejudice.

*[Remainder of page intentionally left blank; signatures on next page]*

| MCKOOL SMITH P.C. | PAUL D. FEINSTEIN, P.C. |
|---|---|
| /s/ Basil A. Umari | /s/ Paul D. Feinstein |
| MCKOOL SMITH P.C.<br>One Bryant Park, 47th Floor<br>New York, New York 10036<br>Telephone: (212) 402-9200<br>Facsimile: (212) 402-9444 | PAUL D. FEINSTEIN, P.C.<br>102 Sunnyside Drive<br>Yonkers, New York 10705<br>Telephone: (914) 375-3613<br>Facsimile: (914) 375-3629 |
| - and - | *Attorneys for Allied Network Solutions* |
| MCKOOL SMITH P.C.<br>Basil A. Umari (pro hac vice)<br>Nicholas Zugaro (pro hac vice)<br>600 Travis Street, Suite 7000<br>Houston, Texas 77002<br>Telephone: (713) 485-7300<br>Facsimile: (713) 485-7344 | |
| *Attorney for the Liquidating Trustee* | |

SO ORDERED.

Dated: New York, New York
       *July 15*, 2010

*s/ Robert E. Gerber*
ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE